**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| YANIRYS P.,<br>Plaintiff,<br>v.<br>COMMISSIONER OF SOCIAL SECURITY,<br>Defendant. | No. 25-cv-1854<br><br>**MEMORANDUM ORDER** |

**CECCHI, District Judge.**

Before the Court is Yanirys P.'s[1] ("Plaintiff") appeal of a final decision by the Commissioner of Social Security (the "Commissioner"), specifically an Administrative Law Judge's ("ALJ") decision denying her application for disability insurance benefits pursuant to Title II of the Social Security Act ("SSA"). *See* ECF No. 1. The appeal is fully briefed, *see* ECF No. 10 ("Pl. Br."); ECF No. 12 ("Comm'r Br."); ECF No. 13 ("Pl. Reply Br."), and the Court decides it without oral argument, Fed. R. Civ. P. 78(b); L. Civ. R. 78.1(b). For the reasons stated below, the Court will vacate and remand.

**WHEREAS** to obtain benefits under the SSA, a claimant must show he is disabled by demonstrating an inability to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). Considering the claimant's age, education, and work experience, disability is evaluated by the claimant's ability to engage in his previous work or any

[1] Pursuant to the District's standing order regarding party identification in social security cases, any non-governmental party will be identified and referenced solely by first name and last initial. D.N.J. Standing Order 2021-10; *Eric K. v. Comm'r of Soc. Sec.*, No. 24-10550, 2026 WL 735086, at *1 n.1 (D.N.J. Mar. 16, 2026).

other form of substantial gainful activity existing in the national economy. *Id.* §§ 423(d)(2)(A); 1382c(a)(3)(B). A claimant is disabled for SSA purposes only if his physical or mental impairments are "of such severity that he is not only unable to do his previous work[,] but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." *Id.* § 1382c(a)(3)(B). Decisions regarding disability are made individually and are "based on evidence adduced at a hearing." *Sykes v. Apfel*, 228 F.3d 259, 262 (3d Cir. 2000). Congress has established the type of evidence necessary to prove the existence of a disabling impairment by defining a physical or mental impairment as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D); and

**WHEREAS** the Social Security Administration follows a five-step, sequential evaluation to determine whether a claimant is disabled under the SSA. 20 C.F.R. §§ 404.1520, 416.920. First, the ALJ must determine whether the claimant is currently engaged in substantial gainful activity. *Sykes*, 228 F.3d at 262. Second, if the claimant is not engaged in such activity, the ALJ determines whether the claimant has any impairments severe enough to limit his ability to work. *Id.* Third, if he has any severe impairments, the ALJ considers the medical evidence to determine whether the impairment or combination of impairments is included in 20 C.F.R. Part 404, Subpt. P, App. 1 (the "Listings"). If the claimant's impairments medically equal one of the Listings, this results in a presumption of disability. *Sykes*, 228 F.3d at 262–63. If the impairments are not in the Listings, the ALJ must determine how much residual functional capacity ("RFC") the applicant retains despite his impairments. *Id.* at 263. Fourth, the ALJ must consider whether the claimant's RFC is adequate to perform his past relevant work. *Id.* Fifth, if his RFC is not sufficient to perform

past work, the ALJ must determine whether there is other work in the national economy the claimant can perform. *Id.* The evaluation continues through each step unless it is ascertained at any point that the claimant is or is not disabled. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The claimant bears the ultimate burden of establishing steps one through four of this test. *Hess v. Comm'r Soc. Sec.*, 931 F.3d 198, 201–02 (3d Cir. 2019). The burden shifts to the Commissioner at step five to prove that the claimant can perform a job that exists in the national economy. *Id.*; and

**WHEREAS** Plaintiff filed her Title II application on May 11, 2022. ECF No. 7 ("R.") at 25. "The claim was denied initially on September 29, 2022, and upon reconsideration on November 7, 2022. Thereafter, [Plaintiff] filed a written request for [a] hearing," which was "received on November 23, 2022," and the ALJ held a telephone hearing on June 1, 2023. *Id.* On May 21, 2024, the ALJ "concluded[] [that Plaintiff] ha[d] not been under a disability . . . from October 26, 2021, through the date of th[e] decision." *Id* at 26. In doing so, the ALJ found that Plaintiff had the RFC

> to perform light work as defined in 20 C.F.R. § 404.1567(b) [*i.e.*, lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds] except as follows: she would need a sit/stand option: she can stand/walk up to 6 hours per day but no more than 1 hour at a time. She would then need to sit or shift positions for up to 5 minutes per hour while remaining on task. She cannot climb ropes, ladders, scaffolds or work at heights. She can only occasionally stoop. She can perform no more than occasional overhead reaching with the right dominant upper extremity. She would be limited to no more than frequent handling with the left, nondominant hand.

*Id.* at 29; and

**WHEREAS** Plaintiff presents one issue on appeal. Plaintiff argues that the ALJ failed to include, or adequately explain, limitations arising from Plaintiff's "headache disorder" into her RFC determination. Pl. Br. at 7, 9. Plaintiff argues that despite finding her headaches "to be a severe impairment," the ALJ did not include any relevant limitations "attributable to headaches"

in her RFC determination. *Id.* at 11 ("[T]he ALJ failed to build any accurate and logical bridge with a narrative explanation from the evidence to the RFC conclusion."); and

**WHEREAS** this Court has jurisdiction to review the Commissioner's decision under 42 U.S.C. §§ 405(g), 1383(c)(3). The Court is not "permitted to re-weigh the evidence or impose [its] own factual determinations," but must give deference to the Commissioner's administrative findings. *Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 359 (3d Cir. 2011); *see also* 42 U.S.C. § 405(g). Nevertheless, the Court must "scrutinize the record as a whole to determine whether the conclusions reached are rational" and supported by substantial evidence. *Gober v. Matthews*, 574 F.2d 772, 776 (3d Cir. 1978) (citation omitted). Substantial evidence is more than a mere scintilla and is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Chandler*, 667 F.3d at 359 (citation omitted). If the factual record is adequately developed, "substantial evidence may be 'something less than the weight of the evidence, and the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence.'" *Daniels v. Astrue*, No. 08-1676, 2009 WL 1011587, at *2 (M.D. Pa. Apr. 15, 2009) (quoting *Consolo v. Fed. Mar. Comm'n*, 383 U.S. 607, 620 (1966)); and

**WHEREAS** even under this deferential standard, the Court must vacate the ALJ's decision and remand. Here, the ALJ found that Plaintiff's "headache disorder" was a "severe impairment[]." R. at 28. And although the ALJ stated that Plaintiff's "headache disorder [was] considered in finding the claimant limited to light exertion," *id.* at 32, the ALJ did not explain—nor is it clear to the Court—how Plaintiff's severe impairment of a "headache disorder" entered into the RFC determination. Concerning this severe impairment, the ALJ noted the following:

- Plaintiff "testified that she is on medicine for migraine headaches and hypertension. She stated that the medications make her dizzy." *Id.* at 29.

- Plaintiff "testified that she has migraine headaches which cause nausea and vomiting." *Id.* at 30.

- Plaintiff "reported headaches during a January 2021 exam with Jossie Murray APN (15F:11) and presented to the emergency room on June 19, 2022[,] for a headache (14F:62). A CT scan during the emergency room visit was unremarkable (14F:82)." *Id.* at 32–33; and

**WHEREAS** based on this, it is not clear whether the ALJ adequately considered Plaintiff's headache disorder when determining her RFC. Critically, the ALJ did not sufficiently explain how any of the RFC's provisions reflect this severe impairment. *See Kulbacki v. Colvin*, No. 15-297, 2016 WL 2609984, at *7 (W.D. Pa. May 6, 2016) ("An explanation should be provided when, as here, an impairment found to be severe at step two is determined to be insignificant in later stages of the sequential evaluation." (citation omitted)); *Shar v. Astrue*, No. 11-377, 2012 WL 1836091, at *8 (W.D. Pa. May 21, 2012) ("Since any 'severe' impairment results in some degree of functional limitation, an administrative law judge's residual functional capacity assessment must account for all impairments previously found to be 'severe.'"); and

**WHEREAS** it may be that the ALJ's RFC determination "was entirely appropriate." *Banks v. Dudek*, No. 24-757, 2025 WL 1555852, at *4 (W.D. Pa. June 2, 2025). However, "the ALJ's opinion [simply] does not provide a sufficient 'glimpse into [her] reasoning' on this point, or 'build an accurate and logical bridge between the evidence and the result.'" *Id.* (alteration in original) (citation omitted). As such, the Court will vacate and remand. *See Means v. Colvin*, No. 15-1107, 2016 WL 3386814, at *6 (W.D. Pa. June 20, 2016) ("If the ALJ finds an impairment to be severe, they should include limitations that reflect the severity of the impairment in Plaintiff's RFC . . . .").

Accordingly, for the reasons stated above, **IT IS** on this 25th day of August 2026;

**ORDERED** that the Commissioner's decision is hereby **VACATED**; and it is further

**ORDERED** that this matter is hereby **REMANDED** to the ALJ for further analysis consistent with this Memorandum Order; and it is finally

**ORDERED** that the Office of the Clerk of the Court shall mark this matter closed.

**SO ORDERED**.

*/s/ Claire C. Cecchi*

**CLAIRE C. CECCHI, U.S.D.J.**